Filed 9/9/24 (unmodified opinion attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DRAVEN PAUL BRANNON-THOMPSON,<br><br>    Defendant and Appellant. | C097565<br><br>(Super. Ct. Nos. 18CF01183, 18CF02671, & CM042677)<br><br>ORDER GRANTING REQUEST FOR MODIFICATION AND MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

Respondent's request to modify our opinion filed on August 22, 2024, is granted.  It is ordered that the opinion be modified as follows:

1.      On page 5, in the last sentence of the first paragraph, the words "postrelease community" are deleted and replaced with the words "mandatory supervision." The abbreviated reference "(PRCS)" is also deleted.  As modified, this sentence now reads:

1

Defendant would serve 365 days in county jail and the remainder of his term, 609 days, on mandatory supervision.

2.    On page 5, in the third paragraph, the two references to "PRCS" are deleted and replaced with "mandatory supervision."  As modified, this paragraph now reads:

On March 2, 2018, the Department filed a petition to revoke defendant's mandatory supervision, alleging defendant violated the terms of his release by failing to report to probation.  Defendant admitted the violation; the trial court ordered him to serve 90 days in county jail and reinstated mandatory supervision.

3.    On page 6, in the paragraph immediately preceding the heading "C.  *August 2018 Sentencing*," the reference to "PRCS" is deleted and replaced with "mandatory supervision."  As modified, this paragraph now reads:

In light of defendant's pleas, the trial court found defendant in violation of his mandatory supervision in case No. 677 and set the matter for sentencing.

This modification does not change the judgment.

BY THE COURT:

 /s/
DUARTE, Acting P. J.

 /s/
MESIWALA, J.

 /s/
WISEMAN, J. Pro Tem.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 8/22/24 (unmodified opinion)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097565 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18CF01183, 18CF02671, & CM042677) |
| v. | |
| DRAVEN PAUL BRANNON-THOMPSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Butte County, Corie J. Caraway, Judge. Affirmed.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2018, the trial court sentenced defendant Draven Paul Brannon-Thompson to an aggregate term of 12 years in state prison. In 2022, the trial court recalled defendant's sentence pursuant to Penal Code section 1172.75,[1] struck the prior prison term enhancement, and resentenced defendant to 11 years in state prison. On appeal, defendant contends the trial court erred in imposing the upper term based on aggravating factors not found true beyond a reasonable doubt or based on a certified record of conviction.

Defendant also claims trial counsel was ineffective for failing to object when the trial court reimposed the upper term without first finding the applicable aggravating factors were true beyond a reasonable doubt. We directed the parties to provide supplemental briefs addressing the meaning of section 1172.75, subdivision (d)(4), and whether it applies to defendant's claim on appeal.

In their supplemental brief, the People contend section 1172.75, subdivision (d)(4) allows the trial court to impose the upper term at resentencing if it was previously imposed, without requiring the applicable aggravating factors to be found true beyond a reasonable doubt. Defendant, on the other hand, argues section 1172.75, subdivision (d)(4) does not permit imposition of the upper term at resentencing unless it was previously imposed *and* the applicable aggravating factors are found true beyond a reasonable doubt.

We conclude that section 1172.75, subdivision (d)(4) carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed. Because the trial court imposed the upper term at defendant's initial sentencing, counsel had no sound legal

---

[1]     Undesignated statutory references are to the Penal Code.

basis to object to the court imposing the upper term at resentencing. As a result, defendant failed to support his alternative claim for ineffective assistance of counsel.

In sum, we shall affirm the October 26, 2022, resentencing order.

BACKGROUND

*A.    March 2015 – April 2017*

In March 2015, in Butte County Superior Court, case No. CM042677 (case No. 677), the People charged defendant with burglary (§ 459), receiving a stolen vehicle (§ 496d, subd. (a)), vehicle theft (Veh. Code, § 10851, subd. (a)), and possessing methamphetamine (Health & Saf. Code, § 11377). Defendant pleaded no contest to second degree burglary and felony vehicle theft. In exchange for his plea, the People moved to dismiss the remaining charges.

At sentencing, the trial court (the Hon. Tamara Mosbarger) found a factual basis for the plea. Consistent with the terms of the plea agreement, the trial court dismissed the remaining charges, suspended imposition of sentence, and placed defendant on three years' probation in case No. 677 and reinstated his probation in case Butte County Superior Court case No. CM042151 (case No. 151). The court terminated defendant's probation in Butte County Superior Court case No. SCR100383 (case No. 383). The court also addressed defendant directly:

"[THE COURT:] Sir, if you come back here on a violation of probation, I'm not going to be happy with you. We are not just going to be talking about reinstating probation, we're going to be talking about how long your county prison sentence is; do you understand that?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You've tried probation, you've tried diversion, you've had people in the community trying to help you, and you have not taken advantage of any of those things. So if I see you back here on a violation of probation, I'm going to be hard-pressed to be convinced to keep you on probation.

3

"THE DEFENDANT: Yes, ma'am. I understand."

On May 21, 2015, the Butte County Probation Department (Department) filed a petition to revoke defendant's probation, alleging he violated probation by failing to report to his probation officer. Defendant admitted the violation; the court ordered him to serve 60 days in county jail and reinstated probation. Over the next several months, the Department filed three more petitions to revoke defendant's probation, alleging he violated the terms of his probation by failing to report as directed. Each time, defendant admitted the violation; twice the court ordered defendant to serve time in county jail and reinstated probation.

Following defendant's fourth probation violation, the trial court (the Hon. Tamara Mosbarger) denied his request to reinstate probation and imposed a split sentence:

"There are no statutory restrictions on continuing you on probation in this case; however, the Court is denying defendant's application for continuation on probation for the following reasons: He's shown an inability to comply with reasonable terms of probation and a lack of willingness to comply with terms of probation.

"Defendant has been tried on probation in this matter and has failed. The Court would note that any one of the reasons stated for denying probation would, standing alone, be sufficient reason to justify and warrant denial of probation in this case. Probation is revoked.

"I have reviewed the circumstances in aggravation and those in mitigation, and I find that the circumstances in aggravation outweigh the circumstances in mitigation.

"In aggravation, the Court finds the defendant was on probation and diversion when the crime was committed and that his prior performance on probation wasn't satisfactory.

"In mitigation, I find that he acknowledged wrongdoing at an early stage of the proceeding, and this is his first felony conviction."

4

Accordingly, the court sentenced defendant to the middle term of two years for his burglary conviction and a consecutive term of eight months on his conviction for driving a stolen vehicle in case No. 677. In case No. 151, the trial court imposed a concurrent term of one year in county jail, along with a concurrent term of six months. Defendant would serve 365 days in county jail and the remainder of his term, 609 days, on mandatory postrelease community supervision (PRCS).

B.      *February 2018 – June 2018*

On February 21, 2018, defendant and his codefendant flashed gang signs at T.T., who waved them off saying something akin to "Fuck off." Defendant and codefendant pursued T.T. in their car; they fired shots at T.T.'s car. T.T. heard the gunshots and his rear window shattered. When defendant was later interviewed he said he did not know the victim.

On March 2, 2018, the Department filed a petition to revoke defendant's PRCS, alleging defendant violated the terms of his release by failing to report to probation. Defendant admitted the violation; the trial court ordered him to serve 90 days in county jail and reinstated PRCS.

Days later, in Butte County Superior Court case No. 18CF01183 (case No. 183), the People charged defendant with assault with a firearm (§ 245, subd. (a)(2)), shooting at an occupied motor vehicle (§ 246), and possession of a firearm by a felon (§ 29800, subd. (a)(1)). Related to the assault with a firearm charge, the People alleged that defendant personally used a firearm during the commission of the crime. (§ 12022.5, subd. (a).) The People also alleged defendant served a prior prison term. (§ 667.5, former subd. (b).)

While in custody in the county jail, defendant and another inmate (codefendant) planned and executed an assault on a third inmate. Codefendant struck the victim three times, rendering him unconscious, and another 12 times after the victim fell to the floor. As the victim lay unconscious, defendant "viciously struck him approximately nineteen

5

times with a closed fist." The victim was taken to the hospital immediately for a possible brain hemorrhage. As a result of the attack, the victim suffered a fractured skull, open fractures in his jaw and nasal bone, and a concussion. On May 21, 2018, in Butte County Superior Court case No. 18CF02671 (case No. 671), the People charged defendant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and alleged defendant personally inflicted great bodily injury on his victim (§ 12022.7, subd. (a)). The People also alleged defendant had served a prior prison term. (§ 667.5, former subd. (b).)

In June 2018, defendant negotiated a plea agreement resolving the charges in case Nos. 183 and 671. In case No. 183, defendant pleaded no contest to shooting at an occupied vehicle and being a felon in possession of a firearm; he also admitted to serving a prior prison term. In case No. 671, defendant pleaded no contest to assault by means of force likely to produce great bodily injury and admitted to personally inflicting great bodily injury on his victim; he also acknowledged the maximum available sentence for his crimes. In exchange for his plea, the People agreed they would move to dismiss the remaining charges and enhancements.

In light of defendant's pleas, the trial court found defendant in violation of his PRCS in case No. 677 and set the matter for sentencing.

C.     *August 2018 Sentencing*

At sentencing on August 22, 2018, the trial court (the Hon. Kimberly Merrifield) noted its intended sentence:

"The Court has read, considered, and signed the original probation report filed April 5th, 2017, and the supplemental probation report dated August 16th, 2018. The Court's intended ruling would be to impose the upper term of state prison. The Court notes that . . . defendant has four violations of probation in [case No. 677], was then placed on mandatory supervision. While on mandatory supervision, he incurred three additional felony convictions, two of which involved violence and great bodily injury."

6

After hearing from both parties, the court ruled:

"[D]efendant is statutorily eligible for probation only in the unusual case pursuant to Penal Code Section 1203[, subdivision (e)](4). The Court has reviewed the unusual case criteria set forth in California Rule[s] of Court[, rule] 4.413, and I do not find that this case meets any of the criteria set forth therein. And as such probation is denied.

"However, even if . . . defendant were not statutorily ineligible for probation, probation would be denied for the following reasons: The nature, seriousness, and circumstances of this case, the defendant's prior record of criminal conduct indicates a pattern of regular and increasingly serious criminal conduct, the defendant's prior performance on probation and mandatory supervision was unsuccessful.

"The Court has reviewed the circumstances in aggravation set forth in [California] Rule[s] of Court[, rule] 4.421 and the circumstantial [*sic*] in mitigation set forth in [California] Rule[s] of Court[, rule] 4.423. After careful consideration, the Court finds on balance that the circumstances in aggravation outweigh the circumstances in mitigation. Specifically[,] the Court notes the following reasons for its choice of term: The crime involves criminal greatly [*sic*] and great bodily harm, the defendant's prior convictions as an adult are numerous and of increasing seriousness in nature. The defendant has served prior prison terms. The defendant was on mandatory supervision and the defendant's prior performance on probation and mandatory supervision was unsatisfactory."

The trial court sentenced defendant to an aggregate term of 12 years in state prison: the upper term of seven years for shooting at an occupied vehicle (case No. 183), eight months for possession of a firearm by a felon (case No. 183), one year for assault (case No. 671), two terms of eight months each for burglary and taking a vehicle without consent (case No. 677), one year for the great bodily injury enhancement in case No. 671, and another year for the prior prison term enhancement in case No. 183.

*D.      Resentencing*

On July 26, 2022, the trial court appointed counsel for defendant and calendared his case for resentencing pursuant to former sections 1171 and 1171.1.**2** Defendant and the People filed briefs in support of their respective positions on resentencing.  Defendant asked the court to dismiss the prior prison term enhancement pursuant to changes brought by Senate Bill No. 483 (2021-2022 Reg. Sess.).  He also asked the court to dismiss the great bodily injury enhancement under newly amended section 1385, subdivision (c), and impose the low term in light of defendant's youth, as described in newly amended section 1170, subdivision (b)(6)(B).

The People agreed the trial court should strike defendant's prior prison term enhancement.  The People nevertheless argued that dismissing the great bodily injury enhancement would not be in the interest of justice under section 1385, subdivision (c). In support of their argument, the People observed that defendant's victim sustained significant injury as a result of defendant's criminal conduct and no mitigating circumstances were present.

The People further argued the low term was not appropriate because the circumstances in aggravation outweighed those in mitigation and imposing the low term would be contrary to the interests of justice.  In support of their argument, the People identified the following aggravating factors:  defendant's prior felony convictions, his unsatisfactory performance on probation and mandatory supervision, and his commission of the offenses in case Nos. 183 and 671 while on probation or mandatory supervision. The People also mentioned that defendant's crimes involved great violence and resulted

---

**2**      Former sections 1171 and 1171.1 were renumbered to sections 1172.7 and 1172.75 effective June 30, 2022.  (Stats. 2022, ch. 58, § 11.)  Subsequent references are to the current section.

in great bodily harm; defendant was armed with a firearm in one of the cases, and his violent conduct indicated he was a serious danger to society.

At the resentencing in October 2022, the trial court (the Hon. Corie J. Caraway) said it reviewed all the briefing and intended to strike only the prior prison term enhancement, leaving the remaining sentence intact. The parties submitted the matter on their briefs and the record.

The trial court ruled as follows:

"The Court does continue to find that this is not an unusual case, and the upper term was previously imposed based upon the aggravating factors outweighing the mitigating factors.

"Moving on to the discretion that the Court now has under [section] 1385, sub[division] (c), relating to the striking of enhancements. I do find that to strike the great bodily injury enhancement would endanger public safety; so, therefore, I'm declining to strike the 12022.7, sub[division] (a), enhancement.

"All previous sentences will remain but for the Court striking the one-year prior prison term pursuant to Penal Code section 667.5, sub[division] (b), for a total aggregate term of 11 years in the state prison. The original sentence was 12 years in state prison.

"And I'm declining to modify any previous, previously ordered fines and fees.

"I will order a Minute Abstract to be prepared to reflect the one-year prior prison term that is now stricken.

"Anything else?

"[Defense Counsel]: No, Your Honor."

Defendant appealed.

DISCUSSION

A.   *Forfeiture*

Defendant contends the trial court erred in failing to consider recent amendments to section 1170, subdivision (b) in reimposing the upper term on his conviction for

9

shooting at an occupied vehicle. We conclude defendant forfeited this claim by failing to challenge the upper term sentence in the trial court.

Parties are required to raise certain issues at the time of sentencing; the lack of a timely and meaningful objection results in forfeiture of the claim. (See *People v. Scott* (1994) 9 Cal.4th 331, 352; see also *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237 [§ 1170 issue was forfeited because appellant did not object to the upper term when the sentence was imposed].)

Defendant was resentenced several months after Senate Bill No. 567 (2021-2022 Reg. Sess.) passed and the amendments to section 1170, subdivision (b) went into effect on January 1, 2022. Defendant filed a sentencing memorandum raising numerous other changes in sentencing laws but made no argument relative to the aggravating circumstances found in support of the upper term. At resentencing, the trial court indicated its intention to impose the same sentence, less the one-year prior prison term enhancement. Defendant did not object to the intended sentence, nor did he object when the court imposed the upper term, despite being invited to raise any concerns.

Defendant acknowledges trial counsel "did not seek to obtain relief under [Senate Bill No.] 567." He nevertheless contends the claim cannot be forfeited because the trial court had "an affirmative duty under Penal Code [section] 1172.75 to address 'any other changes in law' that could reduce sentencing." He cites no authority to support this claim. Moreover, whether the trial court is required to consider changes in the law does not excuse defendant's obligation to raise his objection in the trial court in order to preserve the issue for appeal.

In short, defendant failed to preserve this claim for appeal.

B.      *Ineffective Assistance of Counsel*

Anticipating that he may have forfeited his claim by failing to object, defendant alternatively contends he received ineffective assistance of counsel. We disagree.

10

A defendant may not "automatically transform a forfeited claim into a cognizable one merely by asserting ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 121, fn. 14; see *People v. Riel* (2000) 22 Cal.4th 1153, 1202-1203.) Rather, "To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.)

"[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson*, *supra*, 49 Cal.4th at p. 122.) " 'When a defendant on appeal makes a claim that . . . counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (*People v. Samayoa*, *supra*, 15 Cal.4th at p. 845.) " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " (*People v. Weaver* (2001) 26 Cal.4th 876, 925.) "Counsel is not ineffective for failing to make frivolous or futile motions" (*Thompson*, at p. 122), or for failing to object when "there was no sound legal basis for objection." (*People v. Cudjo* (1993) 6 Cal.4th 585, 616; accord *People v. Bell* (2019) 7 Cal.5th 70, 127.)

As explained below, based on the plain language of section 1172.75, we conclude there was no sound legal basis for trial counsel to raise an objection to the trial court

11

reimposing the upper term. Accordingly, defendant fails to support his claim that trial counsel was ineffective.

Our goal in reviewing statutory language is to determine the legislative intent of the statute. (*People v. Johnson* (2022) 79 Cal.App.5th 1093, 1108.) "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning." (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040, overruled on other grounds in *Facebook, Inc. v. Superior Court (Touchstone)* (2020) 10 Cal.5th 329, 345, fn. 6.) When the statutory language is unambiguous, its plain meaning controls. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) We also "generally must 'accord[ ] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose,' and [the Supreme Court] ha[s] warned that '[a] construction making some words surplusage is to be avoided.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357.)

Guided by these well-established canons of statutory construction, we look first to the language of section 1172.75, which states generally that a trial court must apply ameliorative changes in the law when resentencing pursuant to its terms. (§ 1172.75, subd. (d)(2).) The parties do not dispute that such changes include the 2022 amendments to section 1170, subdivision (b) that require aggravating factors be proven beyond a reasonable doubt before the upper term can be imposed. (See § 1170, subd. (b).)

Section 1172.75, subdivision (d)(4), however, states that "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant . . . or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

Giving this language its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial

12

court is imposing the upper term for the first time at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing. Counsel was not ineffective in failing to object, as the trial court did not err in reimposing the upper term.

Despite the plain meaning of the words used by the Legislature, defendant argues that we should read section 1172.75, subdivision (d)(4) as creating two requirements for imposing the upper term at resentencing:  (1) the upper term must have been previously imposed *and* (2) the aggravating factors must be established beyond a reasonable doubt. The unambiguous language of the statute does not support this interpretation.[3]  Defendant nevertheless asserts that reading the statute according to its unambiguous language would "trigger constitutional issues such as equal protection."  But, defendant fails to support that assertion with any argument.  We treat this undeveloped argument as forfeited.[4] (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

---

[3]    If the Legislature intended section 1172.75, subdivision (d)(4) to create these two prerequisites to imposing the upper term at resentencing, it is up to the Legislature to correct the statute to reflect that is what it intended—not the courts.

[4]    Because we find no error, we need not address the parties' arguments related to harmless error.

13

DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
DUARTE, Acting P. J.

/s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14